UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY BENES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-15749 |
| CENLAR FSB, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES**, BRADLEY BENES ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of CENLAR FSB ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Breach of Contract, and violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681 *et seq*., for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as Plaintiff is domiciled in the Northern District of Illinois and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5. Defendant is a national mortgage servicer that services thousands of mortgage loans nationwide. Through the course of servicing mortgage loans, Defendant is in constant contact with consumers regarding the statuses of their mortgage loans. In light of the nature of Defendant's relationship with borrowers, it is imperative that Defendant provide truthful information to borrowers.

6. Defendant regularly conducts business in the State of Illinois by servicing mortgage loans that are secured by properties located in Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. On January 25, 2023, Plaintiff and Defendant reached an agreement for an outstanding mortgage loan owed to Defendant by Plaintiff ("subject debt").

8. Per the agreement, the subject debt was waived and released by Defendant and Plaintiff was no longer obligated to pay the subject debt to Defendant. Moreover, Defendant was required to delete the Defendant tradeline from Plaintiff's credit reports.

9. Despite waiving and releasing the subject debt as agreed, Defendant continued to report the subject debt on his consumer credit reports.

10. Consequently, on May 1, 2023, Plaintiff initiated written credit disputes with Experian. Plaintiff informed Experian that: "This account has been satisfied and settled and should be deleted. Please update and remove this trade line off my credit reports."

11. Plaintiff's dispute letter specifically requested Experian to: "investigate this account and contact [Defendant] directly to correct their inaccurate reporting."

12. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S. Code §1681i(a)(2).

13. On May 1, 2023, Plaintiff initiated written credit disputes with TransUnion. Plaintiff informed TransUnion that: "This account has been satisfied and settled and should be deleted. Please update and remove this trade line off my credit reports."

14. Plaintiff's dispute letter specifically requested TransUnion to: "investigate this account and contact [Defendant] directly to correct their inaccurate reporting."

15. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with TransUnion. *See* 15 U.S. Code §1681i(a)(2).

16. On May 1, 2023, Plaintiff initiated written credit disputes with Equifax. Plaintiff informed Equifax that: "This account has been satisfied and settled and should be deleted. Please update and remove this trade line off my credit reports."

17. Plaintiff's dispute letter specifically requested Equifax to: "investigate this account and contact [Defendant] directly to correct their inaccurate reporting."

18. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Equifax. *See* 15 U.S. Code §1681i(a)(2).

19. By June 1, 2023, Defendant failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with Defendant to delete the tradeline from his credit files, Defendant continued to report the subject debt on Plaintiff's Experian, TransUnion, and Equifax consumer credit files.

20. The reporting of the Defendant tradeline is patently inaccurate and materially misleading because despite Defendant agreeing to delete the tradelines from each of Plaintiff's credit reports, Defendant continued to report the subject debt to Plaintiff's consumer credit files.

21. Any reasonable investigation engaged by Defendant would and should have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

22. Defendant's materially misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared his creditworthiness was in jeopardy.

23. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future.

24. Any reasonable investigation by Defendant would have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

## IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

25. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Defendant tradeline has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

26. Due to Defendant's materially misleading reporting of the subject debt, Plaintiff was forced to purchase a credit report and credit monitoring service, thus incurring out of pocket expenses.

27. Additionally, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendant's credit reporting, Plaintiff purchased a Credit Report and Score for $19.95.

28. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

29. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of his credit reports, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

30. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in his Experian, TransUnion, and Equifax credit files.

## COUNT I – BREACH OF CONTRACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The agreement between Plaintiff and Defendant was a valid contract entered between assenting parties for consideration; however, despite all conditions for Defendant to comply with the agreement, Defendant failed to employ the terms of the agreement.

33. Defendant's failure to abide by the terms of the agreement constitutes a breach of contract.

34. As alleged above, Plaintiff was harmed by Defendant's breach of contract.

**WHEREFORE,** Plaintiff BRADLEY BENES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring Defendant's conduct complained of to constitute a breach of the underlying agreement;

    b. Awarding Plaintiff actual damages in an amount to be determined at trial;

  c. Awarding Plaintiff specific performance in connection with the underlying agreement;

  d. Awarding Plaintiff prejudgment interest;

  e. Awarding Plaintiff costs and reasonable attorney fees;

  f. Enjoining Defendant from further breaching any agreement between the parties; and;

  g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

35. Plaintiff restates and reallages paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

38. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

39. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion, Equifax and Plaintiff.

41. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

42. Had Defendant reviewed the information provided by Experian, TransUnion, Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and

transmitted the correct information to Experian, TransUnion, and Equifax. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

43. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian, TransUnion, and Equifax.

44. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian, TransUnion and Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

45. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian, TransUnion, and Equifax credit files.

46. Defendant failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian, TransUnion, and Equifax credit files within 30 days of receiving notice of the disputes from Experian, TransUnion, and Equifax under 15 U.S.C. §1681i(a)(1).

47. Despite the blatantly obvious errors in Plaintiff's Experian, TransUnion, and Equifax credit files, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or tradeline to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

48. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian, TransUnion, and Equifax credit files.

49. Had Defendant taken steps to investigate Plaintiff's valid disputes or Experian, TransUnion, and Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

50. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian, TransUnion and Equifax. .

**WHEREFORE,** Plaintiff BRADLEY BENES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 8, 2023                                    Respectfully Submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*